## DAVID v. LESLIE et al.

1. PRESUMPTIONS IN CHANCERY CAUSES. When the record shows that a cause was to be submitted on arguments to be filed in vacation, and that on the same day it was heard and a decree entered, the Supreme Court will presume that it was heard by consent of parties.

*Appeal from Jefferson District Court.*

FRIDAY, OCTOBER 17.

LESLIE obtained a decree, foreclosing a mortgage on certain real estate, in which the plaintiff with others, had an interest. An execution issued, and the property was about to be sold, when plaintiff procured an injunction. At the April term, 1858, of the district court, the cause was submitted on written arguments, " complainant's to be

filed in thirty days, and defendants' in ten days thereafter."
On the same day, the record shows, "the cause was heard
on petition, answer, &c., and the equities found for defen-
dants." After this, in December, 1858, plaintiff applied
for and obtained a writ of error *coram nobis*, upon the
ground, substantially, that upon the face of said record,
there was a material error in fact, in that the judgment was
rendered on the same day of the postponement for argu-
ment, and before the expiration of that time. Upon the
final hearing the writ was dismissed, and plaintiff appeals.

*C. Negus* for appellant.

*Slagle & Achison* for appellees.

WRIGHT, J.— The appropriateness of the writ of error
*coram nobis* in an equity proceeding is not discussed by
counsel. Indeed, they treat it throughout as performing
all the offices of a writ of error, bill of review, bill in the
nature of a bill of review, certiorari, writ of attaint, or a
proceeding to obtain a new trial, under either of the sub-
divisions of § 3499 of the Revision. Following the same
course, without sanctioning the practice, we can conceive
no ground upon which the order below can be disturbed.
It only appears that after the cause had been submitted to
be considered in vacation upon written arguments, it was
on the same day heard and determined in term time. The
presumption is that the latter submission was by agreement
of parties. The record does not rebut this presumption.
Nor throughout the petition is it suggested that there
was any mistake in this respect. The point relied on is,
that the "*record* discloses material errors in fact." The
assumption is not sustained, and plaintiff is therefore left
without a case.

Appellees insist that they are entitled to a decree for the
full amount of their claim, and for damages, against plain-

tiff and his sureties, on the appeal bond. Assuming that in a proper case · this could be done, the difficulty in the present instance is, that the date, amount, or full nature of the original decree in the foreclosure action is not before ·us in any authentic form. Under such circumstances, we could not make the order asked.

Affirmed.